------------------------------------------------------------

In Re:                                                  Chapter 7

             **MAN KIT NG,**                         **Case No. 11-46867-CEC**

                             Debtor.

------------------------------------------------------------

**APPLICATION FOR AN ORDER AUTHORIZING EXAMINATION PURSUANT TO RULE 2004(a) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND AN ORDER DIRECTING THE PRODUCTION OF DOCUMENTS PURSUANT TO RULE 2004(c) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

**TO THE HONORABLE CARLA E. CRAIG,**
**UNITED STATES BANKRUPTCY JUDGE:**

        ROBERT L. GELTZER, ESQ., the Trustee herein (hereinafter "Trustee" or the "Applicant"), and an attorney-at-law, duly admitted to practice before the United States District and Bankruptcy Courts for the Southern and Eastern Districts of New York, affirms under the penalty of perjury as follows:

        1.       On August 9, 2011 (the "Petition Date"), Man Kit Ng, the debtor (hereinafter "Debtor"), filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code.

        2.       Pursuant to the United States Trustee's Notice of Appointment of Interim Trustee and Trustee, on or about August 9, 2011, Applicant was appointed Trustee for the estate of the above-captioned Debtor, duly qualified, and is now acting as such Trustee.

        3.       This Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§ 1334 and 157.

        4.       Venue of this Application is proper pursuant to 28 U.S.C. § 1409.

        5.       I am a member of the law firm of the Law Offices of Robert L. Geltzer, am the Trustee herein, and am fully familiar with the facts and circumstances of this case.

        6.       This application is based upon the Trustee's commenced, but not completed, examination at the meeting conducted pursuant to § 341 of the United States

Bankruptcy Code, a review of the Petition and Schedules, discussions had with the Debtor at the commenced, but not concluded 341 Meeting, which was adjourned, on several occasions (not one of which the Debtor attended nor with respect to which was any adjournment requested or granted) , and the attorney representing the Debtor. From the above, it appears that, perhaps among other things, the Debtor was and is the sole owner and operator of Hair, Inc., for several years prior to and, perhaps, proximate with, the filing of the petition, and with respect to which documents have been demanded on several occasions, but none has been produced.

It is particularly relevant and, indeed, very unfortunate and regrettable that this Debtor may be subjected to an action to revoke his discharge solely because of the actions of his attorney, Karamvir Dahiya ("Dahiya") who has been nothing but obstreperous from the very filing of the petition to date, to such a degree that Dahiya's conduct should be referred to the Disciplinary Committee for an investigation so that this Debtor is not disserved and so that future debtors are not disserved, and so that the Court and, indeed, the system not be ineluctably subjected to Dahiya's unprofessional behavior, and virtually incomprehensible and rambling and frivolous pleadings. Annexed hereto, all marked cumulatively as Exhibit "A", are correspondence dating back to September 21, 2011 addressing difficulties in the case caused solely because of and by Dahiya.

The examinations of the documents and the Debtor are essential to determine whether any preferences exist, whether any fraudulent conveyance actions exist, whether any assets have been concealed, whether any of the Debtor's assets were improperly used for the personal benefit of the Debtor, and/or others, and whether the petition and schedules are true and accurate, etc.

7. With respect to the business entity(s) in which Debtor had or has an interest(s), the documents being sought are for the period of 6 years prior to the filing of the petition to date, or for the shorter life of said entity(s) during the period of 6 years prior to the filing of the petition to date.

8. If documents demanded never existed, of if they once existed, but do not presently exist, then an affidavit explaining why they do not exist should be provided to the Trustee, although any such affidavit does not obviate the necessity for the examination, all Trustee's rights to which are preserved.

9. Federal Rule of Bankruptcy Procedure 2004(a) ("Rule 2004") states that: "On motion of any party in interest the Court may order the examination of any person." Subdivision (b) of Rule 2004 states that the scope of such an examination may relate "to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter that may affect the administration of a debtor's estate . . . ." Subdivision (c) of Rule 2004 provides for the production of documents.

10. The documents requested relate to the petition and schedules filed by the Debtor and other "document[s] for filing", as that term is defined in 11 U.S.C. §110(a)(2), and are, therefore, within the parameters of Rule 2004. See In re Drexel Burnham Lambert Group, Inc., 112 B.R. 584 (Bankr. S.D.N.Y. 1191); see also In the Matter of Isis Foods, Inc., 33 B.R. 45 (Bankr. W.D. Mo. 1983) (establishing that under the discovery powers provided to trustees in bankruptcy, the trustee is granted a virtually unfettered right to inquire into all transactions and occurrences which relate to the debtor).

11. The scope of examination that may be conducted pursuant to Rule 2004 "is exceptionally broad and the rule itself is 'peculiar to bankruptcy law and procedure because it affords few of the procedural safeguards that an examination under Rule 26 of the Federal Rules of Civil Procedure does.' Examinations under Rule 2004 are allowed for the 'purpose of discovering assets and unearthing frauds' and have been compared to a 'fishing expedition.' In re Duratech Indus., Inc., 241 B.R. 283 (E.D.N.Y. 1999) (quoting In re GHR Energy Corp., 33 B.R. 451, 454 [Bankr. D. Mass. 1983]). See also, in re Bakalis, 199 B.R. 443 (Bankr. E.D.N.Y. 1996) (the scope of an examination pursuant to Rule 2004 may be broad and unfettered). In re Drexel Burnham Lambert Group, Inc., 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991); In re Johns-Manville Corp., 42 B.R. 362, 364 (S.D.N.Y. 1984).

12. A Rule 2004 examination may "properly extend to creditors and third parties who have had dealings with the debtor." In re Fearn, 96 B.R. 135, 138 (Bankr. S.D. Ohio 1989); In re Financial Corporation of America, 119 B.R. 728, 733 (Bankr. C.D. Cal. 1990) (Rule 2004 examination "may extend to third parties who have had dealings with the debtor); In re GHR Companies, Inc., 41 B.R. at 660 ("The clear intent of Rule 2004 . . . is to give parties in interest an opportunity to examine individuals having knowledge of the financial affairs of the debtor in order to preserve the rights of creditors."); Johns-Manville, 42 B.R. at 364 (Rule 2004 examination may "cut a broad swath through the debtor's affairs, those associated with him, and those who might have had business dealings with him.") (citation omitted).

13. The standard for determining the propriety of a discovery request under Rule 2004 is "good cause." See, e.g., In re Grabill Corp., 109 B.R. 329, 334 (Bankr. N.D. Ill. 1989). "Under that standard, the movant must show some reasonable basis to examine the material . . . [and] that the requested documents are necessary to establish the movant's claim or that denial of production would cause undue hardship or injustice." Grabill, 109 B.R. at 334.

14. The Trustee clearly has "good cause" for the requested Rule 2004 discovery.

15. The role of a chapter 7 trustee is to "investigate the debtor's affairs to discover and recover assets for the benefit of creditors of the debtor." In re Vantage Petroleum Corp., 34 B.R. 650, 651 (Bankr. E.D.N.Y. 1983). As this Court is well aware, Bankruptcy Rule 2004 provides for inquiries ranging broadly over any "acts, conduct, or property [of the debtor] or to the liabilities and financial condition of the debtor, or any matter which may affect the administration of the debtor's estate. . . . Fed. R. Bankr. P. 2004(b). The scope of the inquiry permitted is so broad that it can "legitimately be in the nature of a fishing expedition." In re Wilcher, 56 B.R. 428, 433 (Bankr. N.D. Ill. 1985). See also, Johns-Manville, Corp., 42 B.R. 362, 364 (S.D.N.Y. 1984) (citing In re Mantolesky, 14 B.R. 973, 976 (Bankr. D. Mass 1981)). The examination taken may "cut a broad swath through the debtor's affairs, those associated with

him, and those who might have had business dealings with him." In re Bakalis, 199 B.R. 443, 447 (Bankr. E.D.N.Y. 1996).

16. Further, Bankruptcy Rule 2004 may be used to determine whether the debtor has a viable claim for relief against a third party. See Ionosphere Clubs, Inc. 156 B.R. 414, 432 (S.D.N.Y. 1993) aff'd, 17 F.3d 600 (2d Cir. 1994).

17. The information that I seek concerns not only the Debtors' "acts, conduct, or property" or "liability and financial condition," but also relates to possible fraudulent transfers and/or other claims against others who may have received assets of the Debtor without fair consideration.

The document request is not overly broad, it encompasses a period of six years prior to the filing of the petition (or the life of the Debtors' wholly owned business if less than six (6) years within the 6 year "look back" period) so that it can be determined, under federal and state law, whether any fraudulent transfers have occurred. It is well established law that a Bankruptcy Rule 2004 examination, especially one conducted by the trustee of the subject debtor can be extremely broad; indeed, it can be a "fishing expedition" although that is not the case here in that the Application is, as stated, well grounded.

18. A confluence of federal and state law permits a trustee to "look back" six years prior to the date of the filing of the petition. Thus, in order for a trustee to exercise fully and faithfully his fiduciary duties, it requires the production of documents and their review. To achieve that, the case law interpreting the scope of investigation under Rule 2004 has made it eminently clear such that such an investigation -- unlike the request for documents and an examination solely under Federal Rule of Civil Procedure 30 -- can, indeed, be a "fishing expedition."

19. While no trustee or anyone else should seek the broad authority granted under Rule 2004 and the case law interpreting it cavalierly, and that authority should not be abused, on the other hand, that authority should, in no way, be curtailed. Any such curtailment would impose debilitating effects upon trustees' ability to discharge their duties to investigate

and administer an estate, and would serve as a chilling effect upon them, while permitting documents and evidence and truth to be concealed and slip away, much to the grave disservice of creditors, courts, and the entire bankruptcy system -- a system, in large part, predicated upon the authority given to trustees to investigate so as to unearth assets for the benefit of creditors.

20.     The Debtor's rights in no way will be prejudiced if the Court grants the Applicant's motion and grants an Order for the examination of the Debtor.  The creditors' rights will be substantially prejudiced if the Court does not Order the examination of the Debtor.

21.     No previous request for the relief sought herein has been made to this or any other Court.

**WHEREFORE**, your affirmant prays that this Court enter the attached tendered Order allowing the Law Offices of Robert L. Geltzer to obtain various documents from, and to examine, Man Kit Ng, individually, and as principal of Hair, Inc., and such other and further relief as this Court deems just and proper.

Dated:  New York, New York
        April 26, 2012

                                ROBERT L. GELTZER, ESQ.,
                                Chapter 7 Trustee
                                1556 Third Avenue, Suite 505
                                New York, New York 10128
                                (212) 410-0100


                                By: /s/ Robert L. Geltzer
                                    ROBERT L. GELTZER (RG 4656)